REFAC FINANCIAL CORPORATION

v.

PATLEX CORPORATION.

Civ. A. No. 94–6694.

United States District Court,
E.D. Pennsylvania.

March 8, 1995.

---

David N. Bressler, Lesser & Kaplin, P.C., Blue Bell, PA, for plaintiff.

Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Defendant Patlex Corporation has moved this Court to Dismiss the Complaint against it for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). The litigation arises out of a contract made on October 1, 1984 between Patlex and its wholly owned subsidiary, Refac Technology Development Corporation, Refac International, Ltd., and a company known as East West Trade Services, Ltd. The only plaintiff is Refac Financial Corporation, which was not a party to the 1984 contract.

The 1984 contract provided for various actions but only the payment provisions are relevant here. Under the agreement, in addition to other payments, Patlex was to pay Refac Technology 90% of an amount equal to 20% of 100% of Net Laser Patent Income, and Refac International was to be paid 10% of an amount equal to 20% of 100% of Net Laser Patent Income. 1984 Contract at ¶¶ 3(c), 4(c). The contract also provided that those percentages would be computed after certain unreimbursed costs were recovered by Patlex. *Id.* The dispute ending in this litigation arises over certain deductions that Patlex has made that Refac Financial challenges. The challenged deductions come to $861,271.81.

Patlex argues that subject matter jurisdiction does not exist because the relief sought by Refac Financial does not amount to more than $50,000.00, exclusive of costs and interest. This argument is based on the allegations in the Complaint. The Complaint alleges that Refac International assigned its entire interest in the contract to Refac Financial on September 30, 1991. Patlex argues that even assuming that it owes everything Refac Financial alleges it does, that Refac International's share only amounts to $15,003.13; far below the jurisdictional limit.

Refac's response to this motion was to amend its complaint. The Amended Complaint alleges that prior to September 30, 1991, Refac Technology had assigned its entire interest in the 1984 contract to Refac International. Attached to the Amended Complaint is a ratification of Refac Financial, dated October 28, 1994, which ratifies the earlier assignment from Refac Technology to Refac International. The result of this assignment is that in 1991, when Refac International assigned its interest to Refac Financial, that interest included Refac Technology's interest. Therefore, the amounts allegedly due to Refac Financial, as assignee of both Refac Technology and Refac International, amount to more than the jurisdictional amount.

Patlex filed a reply brief, wherein it argues that this Court need not accept Refac Financial's construction of the ratification. 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 766–67 (1990). It further argues that if this Court finds subject matter jurisdiction, Refac Technology and Refac International should be required to join as necessary and indispensable parties plaintiff.

In turn, Refac Financial filed a statement from Refac Financial's President and Chief Executive Officer, and a memorandum dated

November 30, 1992. The 1992 memorandum is from Refac Financial's attorney to Patlex's attorney. The first paragraph states, "REFAC [Technology] and REFAC International Ltd. have assigned all of their rights under the 1984 Agreement to REFAC Financial Corporation ("RFC")." The President's statement asserts that from January, 1992 on, Patlex made all payments directly to Refac Financial and all correspondence was to Refac Financial.

This evidence indicates that all parties understood that Refac Financial held both other Refac companies' interests in the 1984 contract by at least January, 1992. We find no reason to question the construction Refac Financial has placed on the ratification of the assignment from Refac Technology to Refac Financial. Because we find an assignment, we find the Amended Complaint does allege an amount in dispute in excess of $50,000. Also because of this finding, we see no reason to join Refac Technology and Refac International as indispensable parties, because according to the exhibits, they have no remaining interest in the 1984 contract. Accordingly, we DENY Patlex's Motion to dismiss.